UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-21293-DMM

CREATIVE COMPOUNDS, LLC,

      Plaintiff,

v.

S.A.N. NUTRITION CORPORATION, et al.,

      Defendants.

_____/

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ON INFRINGEMENT AND ON
DEFENDANTS' INVALIDITY DEFENSE**

**I.      UNDISPUTED MATERIAL FACTS**

Plaintiff sued Defendants for infringement of claims 1 and 3 of U.S. Patent No. 7,129,273, (the '273 Patent), assigned to Plaintiff. Dk. 1. The effective date of the application for the '273 Patent is April 30, 2003. The '273 Patent was issued on October 31, 2006 for the novel invention of dicreatine malate, a compound useful for maintaining sufficient levels of energy for humans during high intensity activity. *See* Exhibit A[1], at columns 1 and 2.

---

[1] The Exhibits referenced are attached to Plaintiff's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment, filed herewith.

The '273 Patent teaches that a compound having an approximate 2:1 mole ratio of creatine to malic acid is a compound that is more effective and more readily absorbed than was currently available as a supplement at the time. *See* Exhibit A, column 1. The '273 Patent also teaches a compound with an approximate 2:1 mole ratio of creatine to malic acid gives the added benefit of decreasing problems associated with other creatine supplements such as cramping, bloating, and bioavailability issues. *See* Exhibit A, column 2. The '273 Patent also teaches that the claimed invention increases the bioavailability of both creatine and malic acid. *See* Exhibit A, at column 3.

Claims 1 and 3 of the '273 Patent read as follows:

1. A dicreatine malate compound comprising approximately two creatine cations per one malic acid dianion.

3. A dicreatine malate compound in accordance with claim 1 in the form selected from the group consisting of tablets, hard gelatin capsules, soft gelatin capsules, sachets, a powder, an effervescent powder, and a liquid.

*See* Exhibit A, at column 3. Defendants admit selling and continuing to sell products that contain dicreatine malate. Dk. 15, at ¶¶ 25- 26; Dk. 61, at ¶¶ 16 and 20. Defendants contend, however, that the '273 Patent is invalid. Dk. 61, at ¶¶ 34-35; Dk. 15, at ¶35. Pursuant to the Court's Amended Scheduling Order, as the party with the burden of proof to show infringement, Creative produced the expert Report of Harry Brittain regarding Defendants' infringement of the '273 Patent

infringement, dated December 21, 2010.  *See* Exhibit I.  In his report, Dr. Brittain opined that each of a specified number of Defendants' products infringed on claims 1 and 3 of the '273 Patent.  *See* Exhibit I, at ¶ 23.  Defendants have not disclosed any expert report on infringement or any expert report to rebut Dr. Brittain's opinions regarding their infringement, and the time for doing so has passed.  *See* Exhibit J, Dk. 84.  Plaintiff, therefore, requests that the Court grant Plaintiff summary judgment on its claims of infringement against the Defendants.

As the parties with the burden of proof on invalidity, Defendants S.A.N. Nutrition Corporation ("SAN") and Starmark Laboratories, Inc. ("Starmark") produced their expert report on invalidity on December 21, 2012.[2]  Defendants' expert report disclosed a singular basis for Defendants' claim that the '273 Patent is invalid.  They claim that the teachings of the '273 Patent are anticipated by the teachings of U.S. Patent No. 7,109,373 (the '373 Patent), which has an effective filing date of December 18, 2002, roughly 4 ½ months prior to the April 30, 2003 effective filing date of the '273 Patent.  *See* Report of Daniel Perlmutter on Invalidity, Exhibit L, at 3-5.  Significantly, Dr. Perlmutter expressly assumed that Creative could not prove an invention date prior to the April 30, 2003 effective filing date of the '273 Patent.  *See* Exhibit L, at 4.  Dr. Perlmutter's assumption was fundamentally wrong; so mistaken that his entire opinion is wholly insufficient

---

[2] Defendant DNP International Corp., Inc. ("DNP") produced no report.

3

to raise any question of material fact.

On June 14, 2002, Plaintiff obtained a Certificate of Analysis for product it marketed under the product name 3CM™. That certificate of analysis showed a dicreatine compound comprised of 67.8% Creatine and 32.1% malic acid, which constituted an embodiment of Claim 1 of the '273 Patent. *See* Certificate of Analysis of Batch No. 011203 and it accompanying Properties Report, Ex. G; Rebuttal Report of Harry Brittain, Exhibit M.. Creative thereafter produced and distributed a marketing brochure for its 3CM™ product. *See* Exhibit H. The Marketing Brochure for 3CM™, the name under which Creative sold the dicreatine compound described in the referenced Certificate of Analysis, represented that this product showed an incredible increase in bioavailability and that its administration alleviated problems associated with other creatine supplements (such as cramping and water retention). *See* Exhibit H.

On January 3, 2013, Plaintiff disclosed the Rebuttal Report of Harry Brittain. *See* Exhibit M. Dr. Brittain opined that Plaintiff actually reduced to practice the invention disclosed in claims 1 and 3 of the '273 Patent no later than June 14, 2002, prior to the effective date of the '373 Patent, and that the teachings of the '373 Patent were not prior art to claims 1 and 3 of the '273 Patent and did not invalidate the '273 Patent. *See* Exhibit M. As a matter of law, because Plaintiffs actually reduced to practice the invention disclosed in the '273 Patent

4

before the effective date of the filing of the '373 Patent, the '373 Patent cannot anticipate the teachings of the '273 Patent. Plaintiff, therefore, requests that the Court grant Plaintiff summary judgment on Defendants' claims of invalidity.

## II. ARGUMENT

### A. Indisputably, Defendants have infringed Claims 1 and 3 of the '273 Patent.

Summary Judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986); Fed.R.Civ.P 56(a). As the patentee, Plaintiff has the burden of proving infringement by a preponderance of the evidence. *ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1582 (Fed. Cir. 1988). To prove infringement, Plaintiff bears the burden to show the presence of every element or its equivalent in the accused device. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).

The determination of infringement is a two-step process. First, the Court construes the claim terms to determine the scope of the claims. Second, it compares the properly construed claims to the accused device. *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1318 (Fed. Cir. 2003). Here, there is no dispute regarding claim construction. Dk. 100. A determination of infringement is a question of fact. *Id.* (citations omitted). Viewing the facts and inferences in the light most favorable to Defendants in this case, summary

judgment is proper when "no reasonable jury could return a verdict for the non-moving party." *Id*. (citations omitted).

As set forth in Defendants' Answers, each has admitted selling products containing dicreatine malate. Dk. 15, at ¶¶ 25- 26; Dk. 61, at ¶¶ 16 and 20. Further, as set forth in the declaration of Harry Brittain, every element of claims 1 and 3 of the '273 Patent are found in the following products:

- for Defendant SAN, its V-12 Magnum™, V-12 Turbo™, Fierce™, and Cubed™ products;

- for Defendant Starmark, it Element™ product and the dicreatine malate it sells;

- for Defendant DNP, the dicreatine malate it sells.

*See* Exhibit I, at ¶ 23. Based on this uncontroverted evidence, summary judgment of Plaintiff's claims of infringement of claims 1 and 3 of the '273 Patent is appropriate.

### B. The Law on Priority of Invention and Anticipation

Patents are presumed to be valid and invalidity must be proven by clear and convincing evidence. *Microsoft Corp. v. i4 Ltd. P'ship*, -U.S.-, 131 S.Ct. 2238, 2242, 180 L.Ed, 131 (2011); *OSRAM Sylvania, Inc. v. American Induction Technologies, Inc.*, 2012 WL 6200181, *4 (Fed. Cir. 2012).

An invention consists of two parts: conception and reduction to practice. *Alcott Research Ltd., v. Barr Laboratories, Inc.*, 837 F.Supp2d 364, 387 (D. Del.

6

2011). Priority of invention, however, goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive of the invention and that it exercised reasonable diligence in later reducing at invention to practice." *Medichem, S.A. v. Rolabo*, S.L. 437 F.3d 1157, 1169 (Fed. Cir. 2006).

A reduction to practice can either be a constructive reduction to practice, which occurs when a patent application is filed, or an actual reduction to practice. *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). An inventor who actually reduces an invention to practice before the critical date of the patent-at-issue need not prove conception. *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1304-1305 (Fed. Cir. 2012). In fact, one who actually reduces an invention to practice is presumed to have met the requirements of conception. *Id.* at fn. 3.

To establish an actual reduction to practice, the inventor must prove that (1) he had possession of, or constructed an embodiment of, or performed a process that met all the claim limitations, and (2) determined that the invention worked for its intended purpose. *Streck, Inc. v. Research & Diagnostic Systems, Inc.,* 659 F.3d 1186, 1193 (Fed. Cir. 2011); *Teva Pharmaceuticals Insustries, Ltd. v. AstraZeneca Pharmaceuticals* LP, 661 F.3d 1378, 1383 (Fed. Cir. 2011).

A patent claim is anticipated and, therefore, invalid if each and every limitation is found in a single prior art reference. *OSRAM*, at*4. A reference patent anticipates an invention under § 102 (e) only if the reference patent's

effective filing date is before the date of the invention. *Spansion, Inc. v. International Trade Com'n*, 629 F.3d 1331, 1356 (Fed. Cir. 2010); 35 U.S.C. § 102 (e). In a priority contest, "all the [patentee] can be required to show is priority with respect to so much of the claimed invention as the reference happens to show. When he has done that he has disposed of the reference." *In re Stempel*, 241 F.2d 755, 759 (C.C.P.A. 1957); *Alcon Research Ltd. v. Barr Laboratories, Inc.,* 837 F.Supp.2d 364, 387 (D. Del. 2011) (applying *In re Stempel* to a § 102 (e) analysis). Patent anticipation, though a question of fact, may be resolved on summary judgment if no genuine issue of material fact exists. *OSRAM*, at*4; Fed.R.Civ.P. 56.

### C.  Application of the law to the facts.

Here, the sole basis for Defendants' claim that the '273 Patent, with an effective filing date of April 30, 2003, is invalid is that the invention it disclosed was supposedly anticipated by the teachings of the '373 Patent, which has an effective filing date of December 18, 2002. *See* Exhibit L. Defendants' expert opinion was grounded in the express assumption that Creative could not prove an invention date prior to the effective filing date of the '273 Patent is April 30, 2003. *See* Exhibit L, at 4. This fundamental assumption by Defendants' expert is indisputably wrong. By June 2002, Plaintiff possessed an embodiment that met all the claims limitations of claims 1 and 3 of the '273 Patent, and had determined that

the invention worked for its intended purpose. *See*, Exhibits. G, H, and M. Plaintiff, therefore, actually reduced to practice the invention disclosed by claims 1 and 3 of the '273 Patent by June 2002. Because Plaintiff's invention predates the effective filing date of the '373 Patent, the '373 Patent cannot anticipate claims 1 and 3 of the '273 Patent. *Spansion, Inc. v. International Trade Com'n, supra.* Thus, based on this evidence, as a matter of law, summary judgment against Defendants' on their claims of invalidity regarding claims 1 and 3 of the '273 Patent is appropriate.

### III.    CONCLUSION

For Defendant SAN, its V-12 Magnum™, V-12 Turbo™, Fierce™, and Cubed™ products; for Defendant Starmark, its Element™ product and the dicreatine malate it sells, and for Defendant DNP, the dicreatine product it sells, all indisputably infringe claims 1 and 3 of the '273 Patent. The Court should therefore grant Plaintiff summary judgment on its claims of infringement against Defendants with respect to each of those products.

Because Plaintiff actually reduced to practice by June 2002 the invention disclosed in claims 1 and 3 of the '273 Patent, Defendants' defense that those claims are invalid as being anticipated by the '373 Patent fails as a matter of law. Because anticipation was the only grounds for Defendants' contention that claims 1 and 3 of the '273 Patent were invalid, the Court should grant summary judgment

against Defendants' on their claims of invalidity regarding claims 1 and 3 of the '273 Patent.

Dated:  January 6, 2013         Respectfully submitted,

LAW OFFICES OF THOMAS DEGROOT, LLC
7733 Forsyth Blvd., Suite 1100
Saint Louis, MO 63105
314-296-6070
314-296-6001 (fax)
tom@degrootlaw.net

By:_____/s/_Thomas J. DeGroot
Thomas J. DeGroot (admitted *pro hac vice*)

FUERST ITTLEMAN DAVID AND JOSEPH, P.L.
Attorneys for Plaintiff
1001 Brickell Bay Drive, 32nd Floor
Miami, Florida, 33131
Tel: 786-364-7990
Fax: 786-364-7995
Email: cdavid@fuerstlaw.com

By: ___s/Christopher M. David_____
     Christopher M. David
     F.B.N.: 985163

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 6, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:_____/s/_Thomas J. DeGroot
Thomas J. DeGroot (admitted *pro hac vice*)


By: __s/Christopher M. David_____
     CHRISTOPHER M. DAVID
     F.B.N.: 985163


SERVICE LIST
*CREATIVE COMPOUNDS, LLC V. S.A.N. NUTRITION CORP., ET AL.*
**CASE NO.: 1:12-CV-21293-DMM**

| | |
|---|---|
| **Thomas J. DeGroot**<br>Law Offices of Thomas Degroot, LLC<br>7733 Forsyth Blvd<br>Suite 1100<br>St. Louis, MO 63105<br>314-812-2668<br>Email: tom@degrootlaw.net<br><br>EDWARD S. QUON<br>ENOCH H. LIANG<br>STEVEN R. HANSEN<br>LEE TRAN AND LIANG, APLC<br>601 GIGUEROA STREET, SUITE 4025<br>LOS ANGELES, CA 90017<br>TELEPHONE: 213-612-3737<br>FACSIMILE: 213-612-3773<br>E-mail: edward.quon@ltlattorneys.com<br>E-mail : enoch.liang@ltlattorneys.com<br>E-mail: steven.hansen@ltlattorneys.com | **Catherine C. Grieve, Esq.**<br>RIVERO MESTRE LLP<br>2525 Ponce de Leon Blvd., Suite 1000<br>Miami, Florida 33134<br>Phone: 305-445-2500<br>Fax: 305-445-2505<br>Email: cgrieve@riveromestre.com<br><br>**Frederick A. Tecce, Esq.**<br>**Stephen E. Murray, Esq.**<br>Panitch Schwarze Belisario & Nadel, LLP<br>One Commerce Square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA 19103<br>Telephone: 215-965-1330<br>Facsimile: 215 -965-1331<br>Email: ftecce@panitchlaw.com<br>Email: smurray@panitchlaw.com |